Appellant State of Ohio is appealing the decision of the Tuscarawas County Court of Common Pleas that denied the state's request to forfeit a 1988 Lincoln Towncar used in the theft and attempted theft of various vehicles. The following facts give rise to this appeal.
On August 20, 1997, security cameras at Atwood Motors, in Dover, Ohio, recorded a dark-colored Lincoln pulling into Atwood Motors' parking lot after hours. A female exited the vehicle and checked the door of the dealership. After determining Atwood Motors was not open for business, the occupants of the vehicle directed their attention to a Dodge pickup truck. The recording appears to show one of the occupants approaching the pick-up truck carrying a "slim jim" used to open locked car doors. The next morning, employees of Atwood Motors discovered the pick-up truck missing.
On August 25, 1997, during business hours, the owner of Atwood Motors observed the same Lincoln pull into the lot. The female driver of the Lincoln began looking at other pick-up trucks. The Dover Police were summoned and the police questioned the female driver of the Lincoln, Pamela Moyer. Shortly thereafter, Daniel Ott appeared on the scene. The police also detained and questioned him. The police discovered a large number of keys on his person and around the spot where he was standing. The police also discovered keys, in the Lincoln, in addition to key making equipment, maps, magnetic license plate holders, notary commission papers, hacksaw blades, portable radios and other small tools. Police determined the Lincoln is registered to Daniel Ott's wife, Judy Ott.
Following further investigation of the stolen pick-up truck, the police went to a Chrysler dealership where an employee identified Daniel Ott. Daniel Ott visited the Chrysler dealership requesting a key, cut to a specific code, which would fit a Dodge pickup truck.
The Tuscarawas County Grand Jury subsequently indicted Daniel Ott and Pamela Moyer for theft and attempted theft of motor vehicles. The state also filed a civil forfeiture action related to the Lincoln. The state named Judy Ott, the registered, owner of the vehicle, as a party in interest. Judy Ott, appellee in the case sub judice, raised the defense of "innocent owner". Appellee claimed she was entitled to return of the Lincoln. The trial court conducted a hearing in this matter on August 24, 1998. Judy Ott was the only witness. On October 9, 1998, the trial court filed a judgment entry ordering the return of the Lincoln to Judy Ott.
The state timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT'S FINDING OF INNOCENT OWNERSHIP OF A VEHICLE USED IN AN AUTO THEFT SCHEME WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE TITLE OWNER WAS AWARE OF THE GREAT PROBABILITY THAT AN OFFENDER WOULD USE THE MOTOR VEHICLE IN COMMISSION OF CRIME AND DELIBERATELY AVOIDED LEARNING THE TRUTH.
 II. THE TRIAL COURT'S FINDING OF INNOCENT OWNERSHIP OF A VEHICLE USED IN AN AUTO THEFT SCHEME WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE APPARENT TITLE OWNER TESTIFIES THAT THE VEHICLE IN QUESTION ACTUALLY BELONGED TO HUSBAND'S BUSINESS, ALTHOUGH TITLED TO HER.
 I, II
We will address appellant's assignments of error simultaneously as both concern whether the trial court's judgment, returning the automobile to appellee, was against the manifest weight of the evidence. In its first assignment of error, the state maintains the trial court's judgment is against the manifest weight of the evidence because appellee was aware of the great probability that her husband would use the vehicle in the commission of a crime. In its second assignment of error, the state contends the trial court's judgment is against the manifest weight of the evidence because appellee testified the vehicle was used in her husband's business although titled in her name. We disagree with both assignments of error.
As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279, syllabus. It is based on this standard that we review appellant's assignments of error.
R.C. 2933.42 provides that a motor vehicle used in the commission of a felony offense is contraband subject to forfeiture. The burden of proof is on the owner, by a preponderance of the evidence, to prove "innocent ownership". R.C. 2933.43(C) protects an "innocent owner" and provides:
* * *
 No property shall be forfeited pursuant to this division if the owner of the property establishes, by a preponderance of the evidence, that the owner neither knew, nor should have known after a reasonable inquiry, that the property was used, or was likely to be used, in a crime or administrative violation. * * *
Appellant contends on appeal that it presented evidence that appellee knew or should have known, after reasonable inquiry, that the vehicle was likely to be used in the commission of a felony. The state argues the testimony of Mrs. Ott establishes her knowledge of her husband's continuing auto theft career. Our review of the record indicates Mrs. Ott knew of her husband's criminal tendencies and therefore, she purposely did not inquire into what he was doing so she could truthfully testify that she did not know of any specific thefts. Tr. at 17.
Based on her testimony, the trial court declared appellee an "innocent owner" because she established by a preponderance of the evidence that she neither knew or should have known, after a reasonable inquiry, that the vehicle in question was used or likely to be used in a crime. Judgment Entry, Oct. 9, 1998, at 2. The mere fact appellee testified about her husband's extensive criminal history does not establish she knew or should have known, after a reasonable inquiry, of her husband's use of the vehicle for criminal purposes. Further, the fact that the vehicle was used in appellee's husband's business does not entitle the state to forfeiture. Appellee remained the legal owner of the vehicle.
Under the manifest weight standard of review, we cannot say the trial court created a manifest miscarriage of justice. Appellee presented sufficient evidence that, when believed, would invalidate the forfeiture. The trial court did not err when it ordered the vehicle returned to appellee.
Appellant's first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES